UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 01-CV-8378 (JFB) (CLP)

———————

YASH RAJ FILMS (USA), INC.,

Plaintiff,

VERSUS

BOBBY MUSIC CO. & SPORTING GOODS, INC.,
"NASEEM AKHTAR",
INDIVIDUALLY AND DOING BUSINESS AS BOBBY MUSIC CO.,
HIGH-TECH VIDEO, INC.,
"CHOHAN",
INDIVIDUALLY AND DOING BUSINESS AS MUSIC MAHAL,
"GITA SHAH",
INDIVIDUALLY AND DOING BUSINESS AS HIGH-TECH VIDEO INC.,
"SATNAM SINGH",
INDIVIDUALLY AND DOING BUSINESS AS HIGH-TECH VIDEO,
VIJAY VIDEO, INC.,
"VIJENDRA SINGH",
INDIVIDUALLY AND DOING BUSINESS AS VIJAY VIDEO,
MEDIA DIMENSIONS, INC.,
"BHARAT MEHTA",
INDIVIDUALLY AND DOING BUSINESS AS MEDIA DIMENSIONS
JOHN DOES 1-20,

Defendants.

———————

ORDER ADOPTING REPORT AND RECOMMENDATION
September 27, 2006

———————

JOSEPH F. BIANCO, District Judge:

By Notice of Motion dated March 25, 2004, plaintiff moved pursuant to 18 U.S.C. § 401 for an Order of Contempt, seeking statutory damages and attorneys' fees based on the alleged violation of the Court's preliminary injunction by defendants Akhtar and Bobby Music. The motion was referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, by Order of the Honorable David G. Trager, dated October 27, 2005. On February 2, 2006, the case was transferred from Judge Trager to the undersigned. By Report and Recommendation dated July 5, 2006, Judge Pollak recommended that

plaintiff's motion be granted, and that accordingly plaintiff should be awarded $330,000.00 in statutory damages, and should also be awarded reasonable attorney's fees and costs, should plaintiff submit appropriate supporting records. Defendant Akhtar objected to Judge Pollak's Report and Recommendation by application dated July 17, 2006. This Court held oral argument on September 5, 2006.

Most of Akhtar's objections were specifically considered and properly rejected by Judge Pollak in her well-reasoned and thorough Report and Recommendation. Judge Pollak appropriately found that: (1) the evidence in the record supported a finding that Akhtar could be liable for copyright infringement at Bobby Music Co., given the fact that evidence demonstrated that he had a direct financial interest in the store as its sole owner, and had an ability to supervise the employee running the store;[1] (2) Akhtar's allegation that the infringing goods were obtained from the plaintiff's sole distributors was not adequately supported by the record;[2] (3) plaintiff met its burden to demonstrate by clear and convincing evidence that there was noncompliance with the preliminary injunction order, given the plaintiff's unrebutted testimony regarding seized counterfeit goods, and the fact that Akhtar's business was previously found liable for violating copyrights in distributing counterfeit films;[3] (4) plaintiff met its burden to demonstrate by clear and convincing evidence that there were no diligent attempts to comply with the preliminary injunction in a reasonable manner, and that the violation was willful, given that a simple admonishment to the employee running the store not to deal in counterfeit goods was insufficient in light Akhtar's business' history of problems arising from dealing with counterfeit movies.[4]

At oral argument, Akhtar continued to argue that he had no direct financial interest in the store, nor did he have the right to supervise the independent contractor who managed the day-to-day affairs of the store. However, he did not dispute the fact that he is the sole owner of the store. As such, he plainly had a direct financial interest in the infringing activities and had an ability to supervise, and defendant's arguments otherwise are unavailing. First, Akhtar asserts that his situation is more akin to a landlord, who cannot be held liable for a tenant's infringements for which he has no knowledge. (Def. Akhtar's Objections at 3.) However, in the context of discussing the line of authority which does not hold a landlord vicariously liable for copyright infringement, the Second Circuit has noted that the rule applies where the landlord "charges a fixed rent and receives no other benefit from the infringement." *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2d Cir. 1963). As sole owner, Akhtar received a direct financial

---

[1] *See* Report and Recommendation (hereinafter "R&R") at 17-20. In her opinion, Judge Pollak highlighted the fact that defendant Akhtar had previously been held sufficiently interested in the business and capable of supervising employees so that he could be held liable for copyright liability in *Arclightz & Films Pvt. Ltd. v. Vijay*, No. 01-CV-7643 (CBA) (SMG). (*See* Supplemental Report and Recommendation of the Honorable Steven M. Gold, dated June 24, 2005, adopted by the Honorable Carol B. Amon by Order dated August 23, 2005, at 4, 7-8.) *See id.* at 19-20.

[2] *See* R&R at 15-17.

[3] *See* R&R at 13-14. Judge Pollak noted that defendant offered no witnesses or other evidence to rebut plaintiff's case.

[4] *See* R&R at 20-21, 24-27.

2

benefit from the profits of the business, which included the sale of infringing goods. The record lacks any indication that Akhtar may have had a unique agreement under which he received only fixed income from allowing the independent contractor to operate his business. Consequently, defendant Akhtar was analogous to a dance hall owner who *can* be held liable for infringing performances at his establishment, even if they occur without his knowledge.[5] *Id.* ("[T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the bandleader is considered, as a technical matter, an employee or an independent contractor, and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.") Similarly, as sole owner, he plainly had the authority to supervise the independent contractor–he had the authority to fire or replace her, or even shut down the store, at least temporarily until compliance with the Court's preliminary injunction could be ensured.

---

[5] In his submission, Akhtar asserts that the fact that he was driving a taxi at night may indicate that the store was running at a loss, and belies any factual finding that Mr. Akhtar derived financial benefit from the store's operations. (Def. Akhtar's Objections at 6.) This argument is without merit. Under the test established by the Second Circuit in *Shapiro*, the appropriate query is whether or not a defendant had an interest in the infringing activities, not whether any such interest was ever successfully exploited for profit. *See Shapiro*, 316 F.3d at 307. The fact is, as sole owner, Akhtar undoubtedly had an interest in the sale of the infringing goods at his store, in terms of potential profits, or at least in minimizing losses.

The only argument that Akhtar raises in his objections which was not addressed by Judge Pollak is his assertion that civil sanctions may not be imposed upon him because he is bankrupt and unable to pay. According to Akhtar, "'[a] party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions, is a defense to a charge of civil contempt.'" (Def. Akhtar's Objections at 9) (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)). The Court rejects Akhtar's argument–insolvency does not preclude the imposition of sanctions, it only constitutes a defense to the second prong of the civil contempt standard, namely, that the party's financial condition made it impossible to comply with the court order allegedly violated. *See Huber*, 51 F.3d at 10-11 (considering and rejecting defendant's argument that he was unable to pay previously assessed monetary sanctions in the course of determining whether or not to find him in civil contempt); *accord A.V. By Versace, Inc. v. Gianni Versace S.p.A.*, --- F. Supp. 2d. ---, 2006 WL 2521396, at *2-4 (S.D.N.Y. Aug. 30, 2006). In the instant case, plaintiff does not seek to impose sanction on defendant Akhtar for the failure to pay court-ordered fines, but rather seeks penalty for copyright violations allegedly committed for violation of the Court's preliminary injunction order. Therefore, defendant's inability to pay, even if true, does not bar the imposition of sanctions.[6]

---

[6] The Court notes that defendant Akhtar only objected to Judge Pollak's recommendation that he be found in civil contempt, and did not make any objection or otherwise challenge the amount of the sanctions recommended. In any event, the damages award is supported by the record for the reasons set forth in the Report and Recommendations.

Accordingly, having reviewed the defendant's objections to Judge Pollak's Report and Recommendation dated July 5, 2006, and finding them to be without merit, the Report and Recommendation are hereby ADOPTED in full.

        SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 27, 2006
Central Islip, New York

        \* \* \*

The attorney for plaintiff is Megha Bhouraskar, Esq. of Pope & Bhouraskar, LLP, 350 Fifth Avenue, Suite 7315, New York, New York 10118. The attorneys for defendant Naseem Akhtar are Khrishnan Shanker Chittur, Esq. and Andrey Strutinskiy, Esq., of Chittur & Associates, P.C., 60 East 42nd Street, Suite 1501, New York, New York 10165.