UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────

№ 01-CV-8378 (JFB) (CLP)

─────────────────────

YASH RAJ FILMS (USA), INC.,

Plaintiff,

VERSUS

BOBBY MUSIC CO. & SPORTING GOODS, INC.,
"NASEEM AKHTAR",
INDIVIDUALLY AND DOING BUSINESS AS BOBBY MUSIC CO.,
HIGH-TECH VIDEO, INC.,
"CHOHAN",
INDIVIDUALLY AND DOING BUSINESS AS MUSIC MAHAL,
"GITA SHAH",
INDIVIDUALLY AND DOING BUSINESS AS HIGH-TECH VIDEO INC.,
"SATNAM SINGH",
INDIVIDUALLY AND DOING BUSINESS AS HIGH-TECH VIDEO,
VIJAY VIDEO, INC.,
"VIJENDRA SINGH",
INDIVIDUALLY AND DOING BUSINESS AS VIJAY VIDEO,
MEDIA DIMENSIONS, INC.,
"BHARAT MEHTA",
INDIVIDUALLY AND DOING BUSINESS AS MEDIA DIMENSIONS
JOHN DOES 1-20,

Defendants.

─────────────────────

MEMORANDUM AND ORDER
September 29, 2006

─────────────────────

JOSEPH F. BIANCO, District Judge:

Plaintiff Yash Raj Films (USA), Inc. ("Yash Raj") brought this action, alleging that defendants had distributed unauthorized and infringing copies of motion pictures to which plaintiff owns the copyrights or exclusive rights under the copyrights, in violation of 17 U.S.C. §§ 106 and 501. Yash Raj moves for summary judgment, pursuant to Fed. R. Civ. P. 56, as against defendants Naseem Akhtar and Bobby Music Co. and Sporting Goods, Inc. ("Bobby Music"), regarding liability for copyright infringement, and requests an

inquest to determine damages.[1] Defendant Akhtar cross-moves for summary judgment. For the reasons stated below, plaintiff's motion is granted, and defendant Akhtar's motion is denied. Accordingly, the Court enters a permanent injunction against defendants Bobby Music and Akhtar, as detailed at the conclusion of this Memorandum and Order, and also grants plaintiff's request for an inquest regarding damages, contingent on an application setting forth additional damages that plaintiff is entitled, beyond those already awarded by this Court.

I. FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise indicated. Yash Raj is an Indian film producing company, which holds copyrights to numerous motion pictures. (Compl. ¶ 5.) Relevant to this action, they claim that they own the copyrights and other exclusive rights to eleven Indian motion pictures: "Chandni," "Deewane," "Dil to Pagal Hai," "Dilwale Dulhania Le Jayenge," "Dulhan Hum Le Jayenge," "Kabhi Kabhie," "Kuch Kuch Hota Hai," "Mohabbatein," "Rufugee," "Silsila," and "Zubeidaa." (*See* Declaration of Jawahar Sharma ("Sharma Decl.") ¶ 5, Ex. A.) Yash Raj has obtained Certificates of Copyright Registration ("Copyright Certificates") for ten of these eleven films from the United States Copyright Office. (*See* Sharma Decl., Ex. B.) With respect to the eleventh film, "Dulhan Hum Le Jayenge," Yash Raj has exclusive distribution rights in the United States, by contract.[2] (*See id.*) Among the rights retained by Yash Raj includes those which authorize them to distribute the films throughout the Untied States and Canada, in theaters, and in digital versatile disc ("DVD") format, as well as in VHS video cassette format.

Defendant Bobby Music was a retail business, which distributed films in VHS and DVD format, solely owned by defendant Akhtar, who is the sole shareholder of the business. (*See* Pl.'s Rule 56.1 Statement of Undisputed Facts ("Pl.'s 56.1 Stmt.") ¶ 5.)

Yash Raj hired investigators, which between October 28, 2001 and December 12, 2001, entered and obtained counterfeit and unauthorized copies of their films from Bobby Music Co., High-Tech Video, and Vijay Video.[3] (*See* Sharma Decl., Ex. E.) As a result of this investigation, Yash Raj obtained an Order of Seizure from the Honorable David G. Trager on December 17, 2001, which authorized plaintiff, with the assistance of the United States Marshals, to seize unauthorized DVDs and VHS copies from Bobby Music Co. (*See* Pre. Inj. at 2-3).[4] On December 19, 2001, in the course of executing the Seizure Order, approximately sixty-four video

---

[1] Although plaintiff initially filed the instant motion for summary judgment as against all defendants, the motion was withdrawn as to all defendants other than Akhtar and Bobby Music, as described in detail *infra*.

[2] By terms of their contract with Baba Entertainments Ltd., Yash Raj retains exclusive rights to the film within all territories other than India, Nepal, Bhutan, Bangladesh and Pakistan. (*See* Sharma Decl., Ex. B.)

[3] Defendant Akhtar summarily denies that this occurred at Bobby Music Co. (*See* Response of Defendant Naseem Akhtar to Plaintiff's Statement of Undisputed Facts ("Def.'s 56.1 Stmt.", ¶ 11.)

[4] Citations to "Pre. Inj." refer to the Order of Preliminary Injunction issued by Judge Trager on January 7, 2002.

2

cassettes and twenty-nine DVDs containing unauthorized copies of plaintiff's films were seized from Bobby Music Co. (*See id.; see also* Pl.'s 56.1 Stmt. ¶ 12.) In addition to authorizing the seizure, the Order of Seizure required that defendant Akhtar appear in court and show cause as to why an injunction should not enter. (*See* Pre. Inj. at 1.) Defendant Akhtar failed to appear, and the Court thereafter entered an Order of Preliminary Injunction, dated January 7, 2002, enjoining him from:

> reproducing, displaying, copying, compiling, and distributing unauthorized copies of motion pictures in which Plaintiff holds the copyrights and exclusive rights under copyright or otherwise infringing Plaintiff's copyrights in any manner whatsoever, and in any form, and from assisting, conspiring or authorizing any third person or party to reproduce, display, copy, compile and distribute unauthorized copies of motion pictures in which Plaintiff holds the copyrights or exclusive rights under the copyright, or otherwise infringe Plaintiff's copyrights in any manner whatsoever and in any form . . .

(Pre. Inj. at 6.)

On November 16, 2002, while the case was pending, the New York City Police Department ("NYPD") conducted a raid at Bobby Music Co. Jawahar Sharma, Yash Raj's Head of Operations for North America, was present during the raid and seizure, and he identified unauthorized and counterfeit copies of Yash Raj films at the store. The films identified by Sharma were seized by the police. As a result of the NYPD seizure, plaintiff successfully moved for contempt against defendant Akhtar for violating the preliminary injunction, which is described *infra* in detail.

II. PROCEDURAL BACKGROUND

On April 21, 2006, Yash Raj filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 as against all defendants. Defendant Akhtar filed a cross-motion for summary judgment. During the pendency of this motion, plaintiff's motion for contempt as against Akhtar for violation of the Court's preliminary injunction was pending, and was referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation. By Report and Recommendation dated July 5, 2006, Judge Pollak recommended that Akhtar be found to have wilfully infringed plaintiff's copyrights, in violation of the preliminary injunction. Accordingly, Judge Pollak recommended that plaintiff's motion be granted, and that plaintiff should be awarded $330,000 in statutory damages, and should be awarded reasonable attorney's fees and costs, should plaintiff submit appropriate supporting records. Defendant Akhtar objected to the Report and Recommendation on July 17, 2006. By Order issued September 27, 2006, the Court found defendant Akhtar's objections to be without merit, and adopted the Report and Recommendation in full.

On March 24, 2006, after a briefing schedule had been established for the instant motion to dismiss, but prior to the filing of plaintiff's moving papers, counsel for Akhtar, Bobby Music Co. & Sporting Goods, Inc. ("Bobby Music"), High-Tech Video, Inc., Chohan, Gita Shah, Satnam Singh, Vijay Video, Inc., Vijendra Sheth, and Vijay Video made an application to withdraw as counsel for all defendants other than Akhtar and Bobby Music Co. & Sporting Goods, Inc.

The basis for the withdrawal was counsel's assertion that he had been unable to reach or communicate with these defendants, and remained unpaid. On April 28, 2006, at the hearing held by Judge Pollak regarding the contempt motion, Judge Pollak granted the motion to withdraw as to some of the defendants, and reserved as to others.

Subsequently, on September 5, 2006, this Court held oral argument regarding the instant motion for summary judgment, in addition to considering defendant Akhtar's objections to Judge Pollak's Report and Recommendation addressing the civil contempt motion. At oral argument, it became apparent to the Court that all of the defendants for which counsel sought withdrawal did not have notice of plaintiff's motion for summary judgment, as counsel had been unable to communicate with them, which led to his withdrawal motion. Moreover, the Court noted the fact that plaintiff sought summary judgment against defendants Bharat Mehta and Media Dimensions, who had defaulted in answering the complaint, after their motion to dismiss for lack of personal jurisdiction was denied by Judge Trager by Memorandum and Order dated August 27, 2002. In fact, the only defendant who received notice and submitted a response, opposing the motion for summary judgment, was Akhtar. In light of these circumstances, plaintiff agreed to withdraw their summary judgment motion as to all defendants other than Akhtar and Bobby Music, and indicated that to the extent that they still seek relief as to those parties, they will re-submit their application for relief as to those defendants as a motion for default judgment, after all the representation issues are resolved. Accordingly, the Court proceeds to consider plaintiff's motion for summary judgment only as against Akhtar and Bobby Music.

III. STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (stating that summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

IV. DISCUSSION

In order to establish a claim of copyright infringement, a plaintiff must demonstrate: (1) ownership of a valid copyright in the work allegedly infringed; and (2) defendant infringed the plaintiff's copyright by violating one of the exclusive rights bestowed to copyright holders under 17 U.S.C. § 106. *See Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 260 (2d Cir. 2005). "Among the exclusive rights that the Copyright Act bestows upon copyright owners is the right 'to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership.'" *Id.* (quoting 17 U.S.C. § 106(3)). In the instant case, Akhtar does not contest the fact that plaintiff owns valid copyrights in the goods in question. (*See* Def.'s 56.1 Stmt. ¶ 2.) Further, he does not contest the fact that infringing goods were seized from Bobby Music, a store which he admits that he is the sole owner of, during the November 16, 2002 NYPD raid.[5] (*See id.* ¶¶ 5, 15.) Thus, the only remaining question that remains for this Court to determine is whether Akhtar may be held liable for the uncontested copyright infringement which occurred at Bobby Music.

Akhtar argues that he cannot be held vicariously liable for copyright infringement based on the seizure of the items at the store because he had no personal involvement in the store. Specifically, he asserts that he is only the owner of the store, and that the day-to-day operations of the store, including the procurement and sale of products, are coordinated entirely by an independent contractor. However, Judge Pollak's Report and Recommendation, which was adopted *in toto* by this Court, found that Akhtar was in contempt of this Court's preliminary injunction order because Bobby Music continued to offer for sale infringing items, and that he could be held vicariously liable for such infringement. *See* Report and Recommendation (hereinafter "R&R") at 13-14, 19-20. Akhtar briefed the identical argument in opposition to plaintiff's motion for contempt, which was specifically rejected by Judge Pollak. *See* R&R at 17-20. Specifically, Judge Pollak found that, as the sole owner of Bobby Music, Akhtar had both a direct financial interest in the store's activities, and had the right and ability to supervise the contractor's activities, such that Akhtar could be held vicariously liable. *See id.* at 18-20 (citing *Shapiro, Bernstein & CO. v. H.L. Green Co.,* 316 F.2d 304, 307 (2d Cir. 1963) ("When the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials–even in the absence of actual knowledge that the copyright monopoly is being impaired . . . the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of the exploitation."); *Capitol Records, Inc. v. Wings Digital Corp.,* 218 F. Supp. 2d 280, 285 (E.D.N.Y. 2002) (finding that defendant could be held liable for vicarious liability where complaint alleged that he "was the sole shareholder who managed and financially benefitted from the production and sale of the acts of copyright infringements"); *Peer Int'l Corp. v. Luna Records, Inc.,* 887 F. Supp. 560, 565 (S.D.N.Y. 1995) ("Individuals who have the right and ability to supervise infringing copyright and a direct financial interest in such activities are not shielded from liability even though they have no actual

---

[5] Akhtar and Bobby Music are represented by the same counsel, and counsel did not file an opposition to the summary judgment motion on behalf of Bobby Music. The Court notes that Bobby Music is no longer a going concern.

knowledge of the infringement.")). Additionally, Judge Pollak highlighted that defendant Akhtar had previously been held sufficiently interested in the business and capable of supervising employees such that he could be held liable for copyright liability in *Arclightz & Films Pvt. Ltd. v. Vijay*, No. 01-CV-7643 (CBA) (SMG). (*See* Supplemental Report and Recommendation of the Honorable Steven M. Gold, dated June 24, 2005, adopted by the Honorable Carol B. Amon by Order dated August 23, 2005, at 4, 7-8.) *See id.* at 19-20. Over Akhtar's objection, the Court found that Judge Pollak's analysis was sound and well-reasoned, and accordingly adopted the finding that Akhtar could be held vicariously liable for infringements that were discovered at Bobby Music. The Court maintains the position that its prior ruling was correct, and thus adheres to it, as the law of the case. *Richards v. City of New York*, 433 F. Supp. 2d 404, 416 (S.D.N.Y. 2006) ("The law of the case doctrine requires a court to 'adhere to [its] own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting *New York State Nat'l Org. for Women v. Terry*, 961 F.2d 390, 395-96 (2d Cir.1992)).

Second, Akhtar argues that plaintiff's summary judgment motion should be denied because he claims that there is insufficient admissible evidence on the record to support a finding that copyright infringement has occurred. *See* FED. R. CIV. P. 56(e); *see also Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997) (noting that a district court may only consider admissible evidence in ruling on a motion for summary judgment). Specifically, Akhtar points to the fact that the affidavits of plaintiff's investigators, submitted at the inception of the instant action, which supported the Order of Seizure, are inadmissible because they were signed under false names. The Court finds this argument to lack merit because assuming *arguendo* that the investigator affidavits are inadmissible, there exists sufficient alternative competent evidence of infringement on the record to support plaintiff's motion for summary judgment, including the evidence that infringing items were seized from the shelves of Bobby Music during the November 16, 2002 raid by the NYPD. In fact, as mentioned *supra*, Akhtar has conceded that counterfeit items were seized during that NYPD raid. (*See* Def.'s 56.1 Stmt. ¶ 15.)

IV. CONCLUSION

In sum, it is undisputed in this case that plaintiff owned valid copyrights in the goods at issue and that Bobby Music violated plaintiff's exclusive right to distribute the work. Further, it is settled in this case that defendant Akhtar was vicariously liable for copyright infringements which occurred at Bobby Music because he had both a direct financial interest in the sale of the copyrighted materials, and a right and ability to supervise the employee responsible for the sales such that he is vicariously liable for infringements occasioned there.[6] Accordingly, plaintiff's motion for summary judgment as against defendants Akhtar and Bobby Music is GRANTED.

---

[6] Defendant Akhtar's cross motion for summary judgment asserts the identical argument, that he is entitled to judgment as a matter of law because he cannot be held vicariously liable for the copyright infringement which occurred at Bobby Music. As the Court finds this argument to be without merit, his cross motion for summary judgment is denied.

6

Next, the Court moves to consider plaintiff's application for an inquest to determine damages. The Court notes that in connection with plaintiff's previously granted motion for contempt, plaintiff was awarded statutory damages for Akhtar's violation of plaintiff's copyrights, and was awarded attorney's fees, conditional on plaintiff's submission of appropriate supporting documentation. Necessarily, plaintiff is only entitled to damages not previously awarded by the Court. To the extent that plaintiff seeks such additional relief, the Court directs plaintiff to submit such application, which is hereby respectfully REFERRED to United States Magistrate Judge Cheryl L. Pollak, pursuant to 28 U.S.C. § 636(b)(3) for an inquest on additional damages, if any, that plaintiff may be entitled to.

Finally, since plaintiff has established both copyright liability and a threat of continuing infringement by defendants, as exhibited by the fact that Akhtar was in contempt of this Court's preliminary injunction order enjoining such infringement, the Court finds that a permanent injunction is warranted. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.,* No. 01-CV-750 (WDW), 2006 WL 1025915, at *2 (E.D.N.Y. Apr. 13, 2006) ("[W]hen a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction"); *accord Blue Ribbon Pet Products, Inc. v. Rolf C. Hagen (USA) Corp.,* 66 F. Supp. 2d 454, 464 (E.D.N.Y. 1999); *see also Richard Feiner & Co. v. Turner Entertainment Co.,* No. 96-CV-1472 (RO), 1998 WL 78180, at *2 n.2 (S.D.N.Y. Feb. 24, 1998) (noting that it is an abuse of discretion for a court to deny a permanent injunction where copyright liability has been established and a threat of continuing infringement exists). Accordingly, the Court permanently enjoins defendants Akhtar and Bobby Music from reproducing, displaying, copying, compiling, and distributing unauthorized copies of motion pictures in which plaintiff holds the copyrights and exclusive rights under copyright or otherwise infringing plaintiff's copyrights in any manner whatsoever, and in any form, and from assisting, conspiring or authorizing any third person or party to reproduce, display, copy, compile and distribute unauthorized copies of motion pictures in which plaintiff holds the copyrights or exclusive rights under the copyright, or otherwise infringe plaintiff's copyrights in any manner whatsoever and in any form. *See* 17 U.S.C. § 502(a).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 29, 2006
Central Islip, New York

\* \* \*

The attorney for plaintiff is Megha Bhouraskar, Esq. of Pope & Bhouraskar, LLP, 350 Fifth Avenue, Suite 7315, New York, New York 10118. The attorneys for defendants Naseem Akhtar and Bobby Music are Khrishnan Shanker Chittur, Esq. and Andrey Strutinskiy, Esq., of Chittur & Associates, P.C., 60 East 42nd Street, Suite 1501, New York, New York 10165.